# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

In re:

Denora M. Davis,

        Debtor

Case No. 08-30579-DOT
Chapter 7

## ORDER RESOLVING SHOW CAUSE
## AND DISMISSING CASE

On or about August 26, 2005 (the "Petition Date"), the above-captioned debtor (the "Debtor") along with her husband, Kitiko A. Davis, filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), designated as Case Number 05-37523-DOT. On or about February 11, 2008, a Notice of Voluntary Conversion from a Chapter 13 to a Chapter 7 was filed by Andrew G. Adams, III ("Mr. Adams") on behalf of the Debtor. On February 11, 2008, an Order was entered by this Court converting the Debtor's case to a Chapter 7, which case was assigned case number 08-30579-DOT.

On March 5, 2008, W. Clarkson McDow, Jr. (the "U.S. Trustee"), the United States Trustee for Region Four, filed a complaint objecting to the Debtor's discharge (the "Complaint") asserting that the Debtor was ineligible to receive a Chapter 7 discharge under Pre-BAPCPA Bankruptcy Code 11U.S.C.§ 727(a)(8). This allegation is based on the Debtor's receipt of a Chapter 7 discharge in Bankruptcy Case 01-35099-DOT, which case was filed on or about August 22, 2001.

The pretrial conference on the Complaint was held on April 16, 2008, and the trial was set for June 26, 2008.

On May 13, 2008, Mr. Adams, on behalf of the Debtor, filed a Motion to Dismiss Case (the "Motion"). On June 11, 2008, the U.S. Trustee filed a response to the Motion requesting that certain conditions be met prior to dismissal of the Debtor's case. The conditions included: a) having the Debtor sign off on the dismissal order, b) Mr. Adams issuing a refund to the Debtor for any legal fees charged for conversion of the Debtor's case as well as any Court fees paid by the Debtor for same, and c) Mr. Adams filing an Amended Disclosure of Compensation statement to disclose any and all legal fees paid by the Debtor.

On June 18, 2008, hearing was held on the Motion, at which time counsel for the Debtor and the U.S. Trustee announced that they had agreed to the above terms. Counsel for the Debtor was to submit an appropriate order, which would be reviewed and signed by the U.S. Trustee. Based on the foregoing, the trial on the Complaint was cancelled, and this Court set a status conference for July 16, 2008 (the "First Status Conference") to monitor compliance with the conditional dismissal. Mr. Adams did not appear at the First Status Conference. On July 16, 2008, Mr. Adams filed an Amended Disclosure of Compensation and issued a draft dismissal order to the U.S. Trustee, which was presented to the Court for review at the First Status Conference. At the First Status Conference, this Court stated from the bench that Mr. Adams needed to appear, and to allow for such appearance, the Court continued the status conference to July 30, 2008 (the "Second Status Conference").

Thereafter, the U.S. Trustee sent an email to Mr. Adams advising of the Second Status Conference, advising that the draft dismissal order was deficient, and requesting permission to speak directly with the Debtor regarding her case. The U.S. Trustee did not receive a response from Mr. Adams, and Mr. Adams failed to appear at the Second Status Conference on July 30, 2008.

In light of the above events and with the Motion to Dismiss this case still pending, this Court entered an Order to Show Cause against Mr. Adams for his failure to appear at hearings in this case without being allowed to withdraw from his representation of Ms. Davis. A hearing on the Show Cause was set for September 3, 2008 at12:30 p.m.

On September 3, 2008, Mr. Adams, appeared represented by Jason M. Krumbein. At that time, Mr. Adams granted the U.S. Trustee permission to contact the debtor directly to determine the actual sum of money that Ms. Davis had paid to Mr. Adams for converting her case to one under chapter 7.

After several attempts to contact Ms. Davis, the Office of the U.S. Trustee was finally able to reach her and to verify that she had paid Mr. Adams the sum of three hundred dollars ($300.00) to convert her case to chapter 7.

For the reasons set forth above, and for other good cause shown, it is hereby

ORDERED that within twenty (20) days of the entry of this order, Mr. Adams shall REFUND to Ms. Davis the sum of $300.00 which she paid him to convert her case to chapter 7 when she was not eligible for a chapter 7 discharge under any circumstance, and it is

FURTHER ORDERED that within ten (10) days of refunding Ms. Davis her money, Mr. Adams will provide evidence of payment to the Office of the U.S. Trustee, and it is

FURTHER ORDERED that because of the general difficulty of being able to contact Ms. Davis, the Court waives the previously agreed on condition that Ms. Davis execute the Order Dismissing this case, and it is

FURTHER ORDERED that Adversary Proceeding No. 08-03025 is DISMISSED as being resolved and that a copy of this Order shall be entered on the docket of the adversary as well as in the main case, and it is

FURTHER ORDERED that this case is DISMISSED.

ENTER:

_____
Judge

Notice of Entry of Order
or Judgment Entered on
Docket on_____.

I ask for this:

/s/Robert B. Van Arsdale
Robert B. Van Arsdale
Office of the U.S. Trustee

CERTIFICATE

I hereby certify that a true copy of this Order was mailed first class postage prepaid this 30th day of January, 2009, to Danora M. Davis, 2027 Union Wood Drive, Brodnax, VA 23920; to Andrew G. Adams, III, P.O. Box 1912, Richmond, VA 23218; and to Jason M. Krumbein, 1650 Willow Lawn Drive, Suite 300, Richmond, VA 23230.

 /s/   Robert B. Van Arsdale 
Robert B. Van Arsdale

**PARTIES TO RECEIVE COPIES:**

Danora M. Davis
2027 Union Wood Drive
Brodnax, VA 23920


Andrew G. Adams, III,
P.O. Box 1912
Richmond, VA 23218

Jason M. Krumbein
1650 Willow Lawn Drive
Suite 300
Richmond, VA 23230

Office of the U.S. Trustee
701 E. Broad Street
Suite 4304
Richmond, VA 23119